COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Od Vanduren, Jr. v. The State of Texas

Appellate case number:    01-13-00103-CR

Trial court case number:  1307615

Trial court:                      174th District Court of Harris County

A jury found appellant guilty of the offense of driving while intoxicated, and the trial court certified that appellant has the right of appeal. Appellant timely filed a notice of appeal. The trial court granted the motion to withdraw filed by appellant's appointed trial counsel. Appellant claimed indigence for purposes of obtaining free record for appeal, but did not request appointment of appellate counsel. After a hearing, the trial court found that appellant was not indigent. The clerk's record has been filed. The reporter's record has not been filed.

Appellant is presently proceeding pro se. The clerk's record does not reflect that appellant waived the right to counsel after having been admonished regarding the dangers and disadvantages of self-representation. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2012) (providing right to representation in adversarial judicial proceedings and allowing defendant to execute written waiver of such right); *Williams v. State*, 252 S.W.3d 353, 355–59 (Tex. Crim. App. 2008) (providing that waiver of right to counsel is valid if made after defendant is properly admonished regarding dangers and disadvantages of self-representation); *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992) (prohibiting presumption of waiver from silent record).

Accordingly, we abate the appeal and remand the case to the trial court for a hearing at which a representative of the Harris County District Attorney's Office and appellant shall be present.[1] The trial court coordinator shall set a date for the hearing and notify the parties. A court reporter shall record the hearing. We direct the trial court to make written findings of fact and conclusions of law and to execute any necessary orders on these issues:

---

1    If appellant is incarcerated, and at the trial court's discretion, appellant may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.

1) whether appellant has retained an attorney, and, if so, the name, address, and telephone number of retained counsel; or

2) if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and determine whether appellant is knowingly and intelligently waiving his right to counsel and whether self-representation is in the best interest of appellant, the State, and the administration of justice; and,

    a. if so, obtain a written waiver of the right to counsel or make the record so reflect; or

    b. if not, set a date certain by which appellant shall retain counsel, no later than 30 days after the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Williams*, 252 S.W.2d at 355–59; *Goffney*, 843 S.W.2d at 585 (stating that record must be sufficient for reviewing court to make assessment that defendant was made aware of dangers and disadvantages of self-representation); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order).

**The trial court shall cause a supplemental record containing its findings and recommendations, and the court reporter's record of the hearing, to be filed in this Court no later than April 29, 2013.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than April 29, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record and a reporter's record of the hearing that are in compliance with this order have been filed in this Court.

Appellant's motion for an extension of time to file the reporter's record on the merits of the appeal is **granted**. Appellant must cause the reporter's record on the merits of the appeal to be filed **within 30 days after the appeal is reinstated.**

It is so ORDERED.


Judge's signature: /s/ Jane Bland
        ☑ Acting individually    ☐ Acting for the Court


Date: April 2, 2013